# EXHIBIT A

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| BRETT BRUCALERI, | |
| *Plaintiff*, | Case No: _____ |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| *Defendant*. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Brett Brucaleri**, ("**Mr. Brucaleri**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Equifax Information Services, LLC** ("**Equifax**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages not to exceed $8,000, exclusive of attorney's fees and cost, brought by Mr. Brucaleri against Equifax for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Section 34.01, Florida Statutes.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Manatee County, Florida, pursuant to Section 47.051 Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Manatee County.

Page **1** of **15**

## PARTIES

5.      Mr. Brucaleri is a natural person residing in Bradenton, Manatee County, Florida.

6.      Mr. Brucaleri is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7.      Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

8.      Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.      Equifax is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Brucaleri's November 2024 Consumer Disclosure

10.     On or about November 26, 2024, Mr. Brucaleri requested a copy of his consumer credit disclosure from Equifax.

11.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Brucaleri's request, Equifax was required to "clearly and accurately" disclose all information in Mr. Brucaleri's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

12. Equifax provided an electronic copy of Mr. Brucaleri's *Consumer Disclosure* ("Equifax's Disclosure") to him while he was located in Manatee County, Florida.

## Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditors

13. Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in his credit file.

14. Equifax's Disclosure indicated that Mr. Brucaleri's credit file contained one account classified as "Other." **SEE PLAINTIFF'S EXHIBIT A.**

15. Equifax's Disclosure stated: "Other accounts are those that are not already identified as Revolving, Mortgage, or Installment Accounts such as child support obligations or rental agreements." *Id.*

16. The account appearing in the "Other" section was reported to Equifax by Jefferson Capital Systems.

17. Jefferson Capital is a *debt buyer* – a company whose primary purpose is the purchase and collection of debts which were originally owed to a third party.

18. As Jefferson Capital does not itself lend to consumers, it is *never* an original creditor.

19. Despite this, when disclosing the Jefferson Capital tradeline to Mr. Brucaleri, Equifax indicated that Jefferson Capital was the original creditor of the account, omitting any reference to the original creditor.

20. Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), under the "Account Details" section of the

account, Equifax placed a notation, "Contact the creditor or lender if you have any questions about it." *Id.*

21. Equifax thus shifted the burden of disclosure and inquiry away from itself, and onto Mr. Brucaleri.

## Missing Account Numbers

22. Making matters even more confusing for Mr. Brucaleri, Equifax disclosed a redacted account number to Mr. Brucaleri for the Jefferson Capital tradeline.

23. Jefferson Capital reported the full account number to Equifax, and this information was contained within Equifax's file regarding Mr. Brucaleri at the time of his request.

24. When Equifax produces and sells reports regarding Mr. Brucaleri to third parties, the full account number and name of the original creditor are included in the reports.

25. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a), as well as the contents of its file on Mr. Brucaleri.

26. Having a duty to disclose all of the information regarding the accounts in Mr. Brucaleri's file, Equifax breached its duty by failing to provide the account number and original creditors' name, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

27. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

28. Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."

29. Jefferson Capital is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency.

30. Thus, Equifax should have placed the Jefferson Capital tradelines under the "Collections" header of Mr. Brucaleri's Disclosure, rather than the "Other" header.

31. In addition to redacted account number for the Jefferson Capital tradeline, Equifax disclosed a significant number of accounts reported by other data furnishers without full account numbers.

32. Under the heading "Revolving Accounts," Equifax disclosed thirty (30) tradelines without full account numbers.

33. Under the heading "Installment Accounts," Equifax disclosed nine (9) tradelines without full account numbers.

34. On information and belief, the data furnishers for each revolving and installment account reported full account numbers to Equifax, and this information was contained within Equifax's file on Mr. Brucaleri at the time of his request for his consumer disclosure.

35. Due to widespread systemic problems, Equifax's automated systems omit all but the last two or four digits of the account numbers reported by data furnishers.

36. Equifax knows of this error but, despite such knowledge, has yet to correct it.

37. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and

accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

38. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

39. The lack of accurate, full account numbers caused Mr. Brucaleri great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

40. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT B.**

41. Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

42. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Equifax, states that:

> **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent. (**Emphasis original.**)

**SEE PLAINTIFF'S EXHIBIT C.**

"2025SC000634AX" 217055369 Filed at Manatee County Clerk 02/18/2025 04:24:59 PM EST

43. The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

44. On information and belief, Jefferson Capital complied with the *Credit Reporting Resource Guide* and reported the names of the true original creditors of its reported account.

**Prevalence of Equifax's Account Number Errors**

45. On information and belief, Equifax's Disclosure to Mr. Brucaleri was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

46. On information and belief, this same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

47. On information and belief, www.annualcreditreport.com is the location where most consumers obtain their Equifax credit disclosure.

48. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

49. Thus, *every* consumer with accounts appearing in the "Other" section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Brucaleri.

50. Equifax's error has therefore likely affected thousands of consumers.

51. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. *See, e.g., Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

52. Equifax's knowing and repeated conduct warrants an award of punitive damages.

53. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

54. Mr. Brucaleri has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

55. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Brucaleri deprived him of this right.

56. Mr. Brucaleri has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to obtain reimbursement for his reasonable fees and costs.

## COUNT I
## WILLFUL VIOLATION OF THE FCRA, 15 U.S.C. § 1681g(a)(1)

57. Mr. Brucaleri adopts and incorporates paragraphs 1 - 56 as if fully stated herein.

58. Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Brucaleri's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Brucaleri, a consumer, all information in his file at the time of the request. Specifically, Equifax disclosed an account reported by Jefferson Capital without disclosing the full account number or the name of the original creditor, as well as thirty-nine (39) additional accounts without full account numbers, even though this information was reported to Equifax by the data furnishers.

59. Equifax knowingly provided inaccurate information in Mr. Brucaleri's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

60. Equifax is therefore liable to Mr. Brucaleri, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

**WHEREFORE,** Mr. Brucaleri respectfully requests that the Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of **$1,000** per incident and Mr. Brucaleri's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATION OF THE FCRA, 15 U.S.C. § 1681g(a)(1)

61. Mr. Brucaleri adopts and incorporates paragraphs 1 - 56 as if fully stated herein.

62. Equifax owed a legal duty to Mr. Brucaleri to disclose all information in his credit file, clearly and accurately, upon request.

63. Equifax breached this duty when responding to Mr. Brucaleri's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Brucaleri, a consumer, all information in his file at the time of the request. Specifically, Equifax disclosed an account reported by Jefferson Capital without disclosing the full account number or the name of the original creditor, as well as thirty-nine (39) additional accounts without full account numbers, even though this information was reported to Equifax by the data furnishers.

64. Equifax's breach of this duty violated 15 U.S.C. § 1681g(a)(1).

65. Equifax is therefore liable to Mr. Brucaleri, pursuant to 15 U.S.C. § 1681o, for Mr. Brucaleri's actual damages, plus attorneys' fees and costs.

**WHEREFORE,** Mr. Brucaleri respectfully requests that the Honorable Court enter judgment against Equifax for:

"2025SC000634AX" 217055369 Filed at Manatee County Clerk 02/18/2025 04:24:59 PM EST

a. Mr. Brucaleri's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Brucaleri demands a jury trial on all issues so triable.

Respectfully submitted on February 18, 2025, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

## ATTACHED EXHIBIT LIST

A. Mr. Brucaleri's Equifax Consumer Disclosure, November 26, 2024, Excerpt
B. FTC Opinion Letter.
C. *Credit Reporting Resource Guide*, Original Creditor Name Excerpt.